LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 29571

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JEAN R. KIKUMOTO CLERK APPELLATE COURT STATE OF HAWAI'I

2010 JUL 26 AM 7:54

FILED

THE ERIC JOHNS PECK TRUST DATED JULY 6, 2006,
and its Trustee ERIC JOHNS PECK; PUAITA GUY PULOTU;
MARCY DEANA PULOTU; ETHAN CHARLES SHARKEY;
and KAREN MARIE MORGAN, Plaintiffs-Appellants,
v.
DONALD S. RULLO and HO'OMAU I MUA LLC., a Hawaii
Limited Liability Company, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 08-1-0146K)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Plaintiffs-Appellants The Eric Johns Peck Trust Dated July 6, 2006 and its Trustee Eric Johns Peck; Puaita Guy Pulotu; Marcy Deana Pulotu; Ethan Charles Sharkey; and Karen Marie Morgan (collectively, Plaintiffs) appeal from the "Order Granting Defendant Donald S. Rullo's Motion to Expunge Lis Pendens" (Order) filed on December 18, 2008 in the Circuit Court of the Third Circuit (circuit court).[1] In the Order, the circuit court granted the Motion to Expunge Lis Pendens (Motion to Expunge) filed by Defendant-Appellee Donald S. Rullo (Rullo) on November 26, 2008 and ordered "that the lis pendens is hereby expunged." The circuit court stated that "[t]he claims for relief sought by Plaintiffs do not include a claim directly seeking to obtain title or possession of real property. [S.] Utsunomiya Enterprises, Inc. v. Moomuku Country Club, 75 Haw. 480[, 866 P.2d 951] (1994)."

On appeal, Plaintiffs contend the circuit court erred in granting the Motion to Expunge for the following reasons:

---

[1] The Honorable Ronald Ibarra presided.

(1)   Pursuant to HRS § 634-51 (Supp. 2008),[2] Plaintiffs were entitled to file their Notice of Pendency of Action (NOPA) because they brought their action to enforce the April 26, 2000 Declaration of Covenants, Conditions and Restrictions (CCRs), which was part of the title to property (Lot 8) owned by Rullo and Hoʻomau I Mua LLC (Hoʻomau) (collectively, Defendants) located in the Opihihale Sunset View Estates development in South Kona on the Island of Hawaiʻi and which was an encumbrance on the title to Lot 8.

(2)   Plaintiffs filed the NOPA for the proper purposes according to HRS § 634-51, i.e., to preserve their right to enforce the CCRs, provide notice to any prospective bona fide purchasers of the pending action, and ensure that Rullo would not fail to fully and honestly disclose the pending action to a potential purchaser.

(3)   Hawaiʻi and national case law supports a court's allowing a notice of pendency of action in an action to enforce restrictive covenants.

Plaintiffs ask this court to reverse the Order and remand "with directions to authorize [Plaintiffs] to file a notice of pendency of action pursuant to [HRS] § 634-51."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we hold that the

---

[2]   HRS § 634-51 provides in relevant part:

> §634-51  **Recording of notice of pendency of action.**  In any action concerning real property or affecting the title or the right of possession of real property, the plaintiff, at the time of filing the complaint, and any other party at the time of filing a pleading in which affirmative relief is claimed, or at any time afterwards, may record in the bureau of conveyances a notice of the pendency of the action, containing the names or designations of the parties, as set out in the summons or pleading, the object of the action or claim for affirmative relief, and a description of the property affected thereby.  From and after the time of recording the notice, a person who becomes a purchaser or incumbrancer of the property affected shall be deemed to have constructive notice of the pendency of the action and be bound by any judgment entered therein if the person claims through a party to the action; provided that in the case of registered land, section 501-151 and sections 501-241 to 501-248 shall govern.

circuit court did not abuse its discretion by granting the Motion to Expunge because the lis pendens was not "limited in application to actions directly seeking to obtain title to or possession of real property," S. Utsunomiya Enters., 75 Haw. at 484, 866 P.2d at 956, and, therefore, the lis pendens was invalid. See also Knauer v. Foote, 101 Hawai'i 81, 89, 63 P.3d 389, 397 (2003) (stating that a lis pendens should be properly expunged where a party's claims do not attempt to obtain title to or possession of the real property at issue); TSA Int'l Ltd. v. Shimizu Corp., 92 Hawai'i 243, 267, 990 P.2d 713, 737 (1999) (stating that application of lis pendens should be limited to actions directly seeking to obtain title to or possession of real property).

Therefore,

IT IS HEREBY ORDERED that the "Order Granting Defendant Donald S. Rullo's Motion to Expunge Lis Pendens" filed on December 18, 2008 in the Circuit Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawai'i, July 26, 2010.

On the briefs:

Mark Van Pernis
R. Hermann Heimgartner
(Van Pernis-Vancil)
for Plaintiffs-Appellants.

James C. Clay
(Law Offices of James Clay)
for Defendant-Appellee
Donald S. Rullo.

Robert D. Triantos
Edmund W.K. Haitsuka
(Carlsmith Ball LLP)
for Defendant-Appellee.
Ho'omau I Mua LLC.

Chief Judge

Associate Judge

Associate Judge

3